IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BERNARD BROWN,

    Plaintiff,

v.                                    Civil Action No. 3:17CV338

A. WALTON,

    Defendant.

**MEMORANDUM OPINION**

Bernard Brown, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS ("Motion to Dismiss, ECF No. 22) filed by Defendant, Officer A. Walton, a corrections officer at Sussex I State Prison ("Sussex").

I.    **BROWN'S PARTICULARIZED COMPLAINT**

In his Particularized Complaint ("Complaint," ECF No. 15), Brown alleges the following in support of his claims for relief:

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

> [On] 10-7-2016, [while] being transported to [and] from MCV Hospital, I was injured in a van accident with Officer A. Walton going at a high rate of speed going around the exit, on ramp North 95. Walton slammed on the brakes to regain control of the van to stop from flipping, throwing me from the back to the front slamming against the metal cage headboard.
>
> When myself and another prisoner were put in the van to leave the prison, Walton said, Brown, Harris, the seatbelts do not work. No need to put them on, they don't hold.
>
> I was [taken] to MCV, DOC holding cell for 5 hours, then taken to the emergency room 5 hours later after the accident that happen[ed] at 5:17 PM, with injuries to my head, neck, shoulder, [and] back. I was put in a C-collar for my neck, [for my] shoulder, an arm sling, [and was] given 2 medications for pain [and] stiffness. I am on these meds presently, with a pinched nerve in my shoulder [and] neck.

(Compl. 2, ECF No. 15.)[2] Brown alleges that Defendant Walton violated his Eighth Amendment right "to be free from cruel, unusual punishment;" that he was denied the "right to substantive due process under the 5th, 14th Amendment; and requests monetary damages. (Id. at 3, 6.) For the reasons stated below, DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS (ECF No. 22) will be granted.

---

[2] The Court employs the pagination assigned to Brown's submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from Brown's Complaint. The Court omits the paragraph numbers in its recitation of the facts supporting Brown's claim.

2

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard

3

with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J.,

concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Fifth/Fourteenth Amendment Claim

On the first page of the Complaint, Brown states that he brings this action under the "8th, 14th Amendments." (Compl. 1.) In the body of the Complaint, Brown adds that he was denied the "right to substantive due process under the 5th, 14th Amendment." (Id. at 3.) Brown alleges no facts in the Complaint that would plausibly suggest that Walton violated his substantive due process rights.[3] Taken as a whole and interpreted liberally, the Court construes the claim against Walton solely as a claim of deliberate indifference. Accordingly, any substantive due process claim will be dismissed.

Brown appears to argue that Walton violated both his Eighth Amendment rights and his Fourteenth Amendment rights. However, "it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual

---

[3] Moreover, because Walton is a state actor, any due process claim under 42 U.S.C. § 1983 must be brought under the Fourteenth Amendment, not the Fifth Amendment. Therefore, the claim asserted under the Fifth Amendment will be dismissed.

5

Punishments Clause.'" Williams v. Benjamin, 77 F.3d 756, 768 (4th Cir. 1996) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). Accordingly, to the extent that Brown challenges the conditions of his confinement or the deliberate indifference to his health and safety, the Court will evaluate those claims under the Eighth Amendment.

**B. Eighth Amendment Claim**

Although Brown includes Eighth Amendment language (such as "deliberate indifference") in the Complaint, the Rebuttal to the Motion to Dismiss (ECF No. 25) is couched in terms of state negligence law. However, Brown does not allege state law claims for negligence in the Complaint.[4] It is settled, as explained below, that negligence or gross negligence does not amount to a constitutional violation. So the proper analysis of whether the Complaint passes muster under Rule 12(b)(6) must be made using Eighth Amendment jurisprudence.

To allege an Eighth Amendment claim, an inmate must allege facts showing: (1) objectively that the deprivation suffered or harm inflicted "was 'sufficiently serious,' to the inmate; and (2) subjectively that the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones,

---

[4] For example, Brown repeatedly states that Walton's actions constituted gross negligence or that he "states a constitutional claim of gross negligence." (Rebuttal 7, ECF No. 25.) Brown provides allegations about duty, breach, causation, and harm. (See id. at 8-11.)

6

145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Under the objective facet of the test, the inmate must allege facts showing that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." Strickler v. Waters, 989 F.2d 1375, 1380 n.3 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To successfully plead such extreme deprivation, Brown "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" Id. at 634 (quoting Strickler, 989 F.2d at 1381).

The subjective facet of the test requires the plaintiff to allege facts showing that a particular defendant acted with deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of

7

and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." Quinones, 145 F.3d at 168 (citing Farmer, 511 U.S. at 837); see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, the deliberate indifference standard requires a plaintiff to assert facts sufficient to permit an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) (quoting Rich, 129 F.3d at 340 n.2).

Brown's complaints against Walton appear to be two-fold. Brown argues that he is entitled to relief as follows:

Claim One: Walton was deliberately indifferent to a substantial risk of harm to Brown when she transported him in a van that had inoperable seatbelts.

Claim Two: Walton was deliberately indifferent to a substantial risk of harm to Brown when she entered the ramp to the interstate above the speed limit knowing that Brown did not have

8

a seatbelt, which caused him to sustain
                              injuries.

As discussed below, Brown fails to allege facts that plausibly suggest that Walton violated his Eighth Amendment rights.

   **1.   Claim One**

In Claim One, Brown faults Walton for transporting him and another inmate in a van that had broken seat belts. According to Brown, when he was "put in the van to leave the prison, [Defendant] Walton said, "Brown, Harris, the seatbelts do not work, no need to put them on, they don't hold." (Compl. 2.) However, the failure to provide seatbelts while transporting an inmate "standing alone" does not give rise to a constitutional claim. See Thompson v. Virginia, 878 F.3d 89, 101 (4th Cir. 2017) (quoting Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012)). Specifically, Brown has not satisfied the objective facet of the Eighth Amendment test. That is because the failure to provide seatbelts is not an excessive risk to inmate safety, and thus, is not sufficiently serious to constitute an Eighth Amendment violation. See Jabbar, 683 F.3d at 58; Spencer v. Knapheide Truck Equip. Co., 183 F.3d 902, 906-07 (8th Cir. 1999) (citations omitted) (transporting inmates in vehicles without seatbelts did not pose a substantial risk of serious harm to passengers); Smith v. Sec'y, Dept. of Corr., 252 F. App'x 301, 304 (11th Cir. 2007) (explaining that the failure to provide

seatbelts is not a "sufficiently risky condition" under the Eighth Amendment). Accordingly, Brown fails to state an Eighth Amendment claim, and Claim One will be dismissed.

### 2. Claim Two

In Claim Two, Brown faults Walton for being deliberately indifferent to a substantial risk of harm to Brown, when she recklessly entered a ramp to the interstate highway knowing that Brown had no operable seatbelt. Brown contends that Walton merged on to the ramp "going at a high rate of speed" and that she had to "slam[] on the brakes to regain control of the van to stop [it] from flipping, throwing me from the back to the front, slamming against the metal cage head board." (Compl. 2.) Brown contends that he sustained injuries to his head, neck, shoulder, and back, including a pinched nerve, which required a "C-collar for [his] neck," a sling for his arm and shoulder, and two pain medications. (Id.) At this juncture, the Court assumes that Brown's injuries were sufficiently serious to satisfy the Eighth Amendment pleading standards. However, Brown has not alleged facts that plausibly suggest that Walton knew of and disregarded a substantial risk of harm to Brown while she was transporting him. Rather, Brown's claim sounds in negligence and thereby fails to state a claim of constitutional dimension.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337

(1981). However, "individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury." Ball v. City of Bristol, Va., Jail, No. 7:10CV00303, 2010 WL 2754320, at *1 (W.D. Va. July 12, 2010) (citing Daniels v. Williams, 474 U.S. 327 (1986)). Brown has pleaded no facts indicating that, by driving above the posted speed limit for a brief period, and with the knowledge that Brown was not wearing a seatbelt, Walton knew of, and disregarded, an excessive risk of harm to Brown's health or safety. See Farmer, 511 U.S. at 837. Thus, the allegations that Walton knew that the seat belts were inoperable, combined with speeding onto the ramp, does not state an Eighth Amendment claim.

Although Brown likely has adequately alleged a claim of negligence, that is not a viable constitutional claim and thus is not actionable under § 1983. See Spencer, 183 F.3d at 906-07 (citations omitted) (holding that injuries sustained from transportation in vehicles with no seatbelts failed to present a "substantial risk of serious harm," and "constitute[d] negligence at most"); Young v. Dept. of Corr., No. 04-10309, 2007 WL 2214520, at *6 (E.D. Mich. July 27, 2007) ("Refusing to seat belt a prisoner during transport and then exceeding the speed limit does not constitute an 'excessive risk to inmate

11

health or safety.'" (quoting Farmer, 511 U.S. at 837)); Jones v. Collins, Civil No. 05-663-JPG, 2016 WL 1528882, at *2 (S.D. Ill. June 1, 2006) (citations omitted) (stating that allegation of "reckless driving or the failure to fasten seatbelt . . . present, at best, claims of negligence, but a defendant can never be held liable under § 1983 for negligence"); cf. Thompson, 879 F.3d at 101 (distinguishing those cases where courts found no Eighth Amendment violation on the basis that there was no malicious intent shown); Brown v. Fortner, 518 F.3d 552, 556, 560-62 (8th Cir. 2008) (finding deliberate indifference for inmate's safety when inmate asked for officers to fasten his seatbelt, officers refused, and taunted the inmate, and then, subsequently, drove consistently fast and recklessly, and ignored inmates' pleas to slow down, ultimately resulting in a collision).

The Court recognizes that, in cases where the facts show that an officer acted with a malicious intent to punish, an inmate may state a cognizable Eighth Amendment claim of excessive force. See, e.g., Thompson, 878 F.3d at 99.[5] However, that is not what is alleged in this case.

---

[5] In Thompson, the United States Court of Appeals for the Fourth Circuit indicated that the excessive force standard is appropriate for a case where an officer used force "maliciously and sadistically to cause harm," 878 F.3d at 98 (citation omitted), whereas the deliberate indifference standard is appropriate in the instance of an officer who knew of and

12

For the foregoing reasons, Claim Two will be dismissed.

## IV. CONCLUSION

The Motion to Dismiss (ECF No. 22) will be granted. Brown's claims and the action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Brown and counsel of record.

/s/ R E P

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 15, 2018

---

disregarded a substantial risk of serious harm to an inmate, see id. at 107. The Fourth Circuit went to great lengths to distinguish those cases where the facts failed to show that an officer acted with malicious intent to cause harm or where the facts failed to show that an officer drove knowing that there was a substantial risk that an inmate would suffer harm, such as intentionally driving recklessly to scare or injure an inmate. See id. at 101-02; 107-09. The facts as alleged by Brown, fall squarely in line with those cases found factually inapplicable to, or distinguishable from, the facts in Thompson.

13